**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Michel DeGraff, <br><br> *Plaintiff*, <br><br> v. <br><br> Massachusetts Institute of Technology; <br> Tim Walberg, in his official capacity as <br> the Chairman of the House Committee <br> on Education & Workforce; and <br> The House Committee on Education <br> & Workforce, <br><br> *Defendants*. | Case No. 1:26-cv-11488-ADB |

**MEMORANDUM OF LAW IN SUPPORT OF MASSACHUSETTS INSTITUTE**
**OF TECHNOLOGY'S UNOPPOSED MOTION TO BIFURCATE**
**BRIEFING ON FORTHCOMING MOTION TO DISMISS**

Plaintiff Michel DeGraff, a professor at the Massachusetts Institute of Technology ("MIT"), has sued The House Committee on Education & Workforce (the "Committee"); the Committee's Chairman, Tim Walberg, in his official capacity; and MIT. DeGraff asserts two sets of claims: a First Amendment claim against all Defendants arising from the Committee's investigation of MIT, and various state-law claims against MIT alone relating to DeGraff's employment. This Court's subject-matter jurisdiction is premised on DeGraff's First Amendment claim, which presents a federal question under 28 U.S.C. § 1331; the state-law claims are before this Court, if at all, only as a matter of supplemental jurisdiction under 28 U.S.C. § 1367.

Because the appropriateness of this Court's exercise of supplemental jurisdiction over DeGraff's state-law claims is likely to rise or fall with its adjudication of MIT's forthcoming motion to dismiss the First Amendment claim, bifurcated briefing is warranted. If the Court were to dismiss the First Amendment claim, the Court would need to reassess whether supplemental

jurisdiction over the state-law claims remains appropriate. Thus, addressing the federal claim first may obviate the need for briefing regarding and this Court's resolution of the state-law claims entirely, promoting efficiency and conserving judicial and party resources. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting a court's discretion to manage proceedings considering "economy of time and effort for itself, for counsel, and for litigants").

DeGraff consents to this approach, and the Committee and Chairman Walberg do not oppose it. Accordingly, as set forth below, the Court should grant MIT's motion to bifurcate motion-to-dismiss briefing.

## BACKGROUND

On March 28, 2026, DeGraff sued the Committee, Chairman Walberg, and MIT, asserting two categories of claims: (1) a claim against all Defendants alleging that the Committee's investigation has a coercive effect on MIT, such that Defendants are acting collectively to chill DeGraff's First Amendment rights (Count I); and (2) various state-law claims against MIT only, for alleged violations of DeGraff's civil rights, M.G.L. c. 12, § 11H (Count II); discrimination, M.G.L. c. 151B, § 9 (Count III); and breach of contract (Count IV), all relating to DeGraff's employment at MIT. *See* ECF No. 1 ("Compl.") ¶¶ 171-208. As the Complaint recognizes, this Court's jurisdiction depends on Count I, the First Amendment claim. *See id.* ¶¶ 30-31 (asserting that, because the Court has federal-question jurisdiction over the First Amendment claim under 28 U.S.C. § 1331, it may exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367).

MIT anticipates moving to dismiss both DeGraff's First Amendment claim and his state-law claims, but its expected arguments for dismissal are distinct as to each set of claims. With respect to the First Amendment claim, MIT plans to argue primarily that DeGraff lacks standing

to bring that claim and that his claims fail because MIT, a private educational institution, is not a state actor. MIT understands the Congressional Defendants also plan to move to dismiss the First Amendment claim. While MIT also plans to seek dismissal of some or all of DeGraff's state-law claims, MIT's arguments with respect to those claims will turn on questions of state law, including whether DeGraff has plausibly alleged each required element of those claims—questions that are distinct from the issues presented with respect to DeGraff's First Amendment claim.

## ARGUMENT

The Court should bifurcate briefing on MIT's motion to dismiss between the federal and state-law claims. District courts possess "inherent powers" to "'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see, e.g.*, *Mahoney v. Wells Fargo Bank, N.A.*, No. 18-cv-11593-MBB, 2022 WL 2275500, at *5 (D. Mass. June 23, 2022) (addressing courts' "inherent authority to adjust … briefing schedule[s]" (quotation marks omitted)). This authority is "governed not by rule or statute but by the control necessarily vested in courts." *Dietz*, 579 U.S. at 45 (quotation marks omitted).

Exercising that inherent docket-management authority, district courts have bifurcated briefing on motions to dismiss to facilitate an action's "just" and "speedy" resolution. *Wamai v. Indus. Bank of Korea*, No. 21-cv-325, 2021 WL 3038402, at *3 (S.D.N.Y. July 14, 2021) (quotation marks omitted) (bifurcating motion-to-dismiss briefing between *forum non conveniens* and other bases for dismissal), *aff'd*, No. 21-1956-CV, 2023 WL 2395675 (2d Cir. Mar. 8, 2023). For example, this Court previously bifurcated briefing on a motion to dismiss to address a potentially case-dispositive statute-of-limitations argument first before proceeding to consider briefing on other asserted grounds for dismissal. *JLI Inv. S.A. v. Computershare Tr. Co., N.A.*,

No. 15-cv-11474-ADB, 2017 WL 354008, at *1 n.2 (D. Mass. Jan. 23, 2017); *see* Tr. of Scheduling Conference at 10, *JLI Inv. S.A.*, No. 15-cv-11474 (D. Mass. Oct. 4, 2016), ECF No. 76 (deeming bifurcation appropriate because the statute-of-limitations argument could potentially be "dispositive … of the [entire] case").

District courts elsewhere have taken the same approach. *See, e.g.*, *In re F5 Networks, Inc.*, No. 06-cv-794, 2007 WL 2476278, at *2 (W.D. Wash. Aug. 6, 2007) (shareholder-derivative action in which court "requir[ed] submission of motions to dismiss based on demand futility prior to the filing of other Fed. R. Civ. P. 12 dismissal motions"); *In re Nine W. LBO Sec. Litig.*, No. 20-md-2941, 2020 WL 3170887, at *1 (S.D.N.Y. June 12, 2020) (ordering the parties to file "any motion to dismiss relating to § 564(e) of the Bankruptcy Code" first, with "any motion to dismiss on any other ground" to follow later). And bifurcation is particularly common in cases where, as here, some of the moving party's arguments implicate the court's subject-matter jurisdiction. *See, e.g.*, *Labrake v. Six Flags Ent. Corp.*, No. 24-cv-356, 2024 WL 5137559, at *2 (N.D.N.Y. Dec. 17, 2024) (noting court bifurcated briefing to address subject-matter jurisdiction and failure to join a required party before other issues); *ArcelorMittal N. Am. Holdings LLC v. Essar Glob. Fund Ltd.*, No. 21-cv-6975, 2022 WL 4334665, at *1 & n.1 (S.D.N.Y. Sept. 19, 2022) (noting court bifurcated briefing to address *forum non conveniens* and international comity first and personal jurisdiction and failure to state a claim second); *Pilchman v. NLRB*, No. 14-cv-7083, 2017 WL 1750300, at *2 (E.D.N.Y. May 3, 2017) (noting court bifurcated briefing to address subject matter jurisdiction first), *aff'd*, 831 F. App'x 46 (2d Cir. 2020); *Zapien v. Wash. Mut., Inc.*, No. 07-cv-385, 2008 WL 11509012, at *2 (S.D. Cal. June 17, 2008) (noting court bifurcated briefing to first address "procedural threshold issues" including standing, the statute of limitations, and the class definition and the complaint's substantive sufficiency second (citing authority omitted)); *Flowers*

4

*v. Burton Wells, Ltd.*, No. 01-cv-9306, 2002 WL 31307421, at \*1 (N.D. Ill. Oct. 9, 2002) (noting court bifurcated briefing between Rule 12(b)(1) and Rule 12(b)(6) grounds for dismissal "[t]o facilitate a prompt resolution of this court's subject matter jurisdiction").

Bifurcation is warranted here to facilitate the "orderly and expeditious disposition" of this case. *Dietz*, 579 U.S. at 45 (quotation marks omitted). If the Court dismisses the First Amendment claim—the "foundational" claim for this Court's jurisdiction—"it must reassess" whether to continue exercising supplemental jurisdiction over the state-law claims. *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998). The Court need not prejudge whether it would retain jurisdiction over the state-law claims if the First Amendment claim is dismissed. But bifurcating the motion-to-dismiss briefing would allow the parties to avoid expending resources preparing briefing on state-law issues that this Court ultimately may deem improper to decide, and would allow the Court to avoid potentially unnecessary consideration and resolution of state-law issues. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided.").

MIT is prepared to promptly brief a motion to dismiss related to DeGraff's state-law claims should the Court deny the motions to dismiss the First Amendment claim. And DeGraff has consented to this course of action, underscoring that there would be no prejudice from bifurcation. Accordingly, bifurcating the motion-to-dismiss briefing will promote the orderly and efficient resolution of this action and conserve party and judicial resources.

## CONCLUSION

For these reasons, MIT respectfully requests that the Court bifurcate motion-to-dismiss briefing of Plaintiff's federal and state-law claims; permit briefing to proceed according to the existing schedule with respect to Count I of the Complaint only, without MIT waiving any

arguments it may have under Rule 12 as to the remaining counts and without prejudice to the filing of a motion to dismiss Counts II-IV at a later date if necessary; and defer setting a briefing schedule for any such motion to dismiss Counts II-IV until such time as the Court determines whether Count I must be dismissed as to MIT.

Date: May 18, 2026

Respectfully submitted,

MASSACHUSETTS INSTITUTE
OF TECHNOLOGY

 /s/ Ishan K. Bhabha

Daniel J. Cloherty (BBO# 565772)
  dcloherty@clohertysteinberg.com
  617.481.0610
CLOHERTY & STEINBERG LLP
One Financial Center
  Suite 1120
Boston, MA 02111

Ishan K. Bhabha (*pro hac vice*)
  IBhabha@jenner.com
  202.637.6327
Lauren J. Hartz (*pro hac vice*)
  LHartz@jenner.com
  202.637.6363
Elizabeth Henthorne (*pro hac vice*)
  BHenthorne@jenner.com
  202.637.6367
JENNER & BLOCK LLP
1099 New York Avenue, N.W.,
  Suite 900
Washington, DC 20001

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

Dated: May 18, 2026                                    */s/ Ishan K. Bhabha*
                                                       Ishan K. Bhabha