**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

Michel DeGraff,

     *Plaintiff*,

v.

Massachusetts Institute of Technology;
Tim Walberg in his official capacity as
the Chairman of the House Committee
on Education & Workforce; and
The House Committee on Education
& Workforce,

     *Defendants*.

Case No. 1:26-cv-11488-ADB

**DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S
MOTION TO DISMISS COUNT I OF THE COMPLAINT**

Defendant Massachusetts Institute of Technology ("MIT") hereby moves to dismiss Count I of the Complaint filed by Plaintiff Michel DeGraff, ECF No. 1, which alleges that MIT has violated DeGraff's rights under the First Amendment. The allegations in DeGraff's own Complaint require dismissal of his First Amendment claim against MIT. *First*, MIT is a private university to which the First Amendment does not apply. *Second*, DeGraff lacks Article III standing because his alleged injuries are neither concrete nor traceable to MIT. *Third*, DeGraff's First Amendment claim fails on the merits because he has not plausibly alleged the kind of threat of adverse government action required under *National Rifle Association of America v. Vullo*, 602 U.S. 175 (2024), and because MIT, as the alleged *subject* of government coercion, is not a proper defendant. *Finally*, if DeGraff's First Amendment claim against Defendants Tim Walberg and the United States House Committee on Education & Workforce (collectively, the "Congressional Defendants") were to be dismissed on Speech-or-Debate grounds, DeGraff's First Amendment

claim could not proceed against MIT alone because the Congressional Defendants are required parties under Rule 19.

In support of this motion, MIT submits: (1) the accompanying Memorandum of Law, which describes the relevant factual background, sets forth the legal standard for a motion to dismiss under Rule 12(b)(6), 12(b)(1), and 12(b)(7), and advances MIT's legal arguments for dismissal of DeGraff's First Amendment claim; and (2) the declaration of Antonio Moriello, which verifies the authenticity of five documents incorporated by reference into the Complaint and attached as exhibits to this motion.

WHEREFORE, MIT respectfully requests that the Court grant this motion and enter an order that Count I as against MIT is dismissed with prejudice.

Date: June 5, 2026

Respectfully submitted,

MASSACHUSETTS INSTITUTE OF TECHNOLOGY

 /s/ Ishan K. Bhabha

Daniel J. Cloherty (BBO# 565772)
 dcloherty@clohertysteinberg.com
 617.481.0610
Alexandra Arnold (BBO# 706208)
 aarnold@clohertysteinberg.com
 617.481.0610
CLOHERTY & STEINBERG LLP
One Financial Center
 Suite 1120
Boston, MA 02111

Ishan K. Bhabha (*pro hac vice*)
 IBhabha@jenner.com
 202.637.6327
Lauren J. Hartz (*pro hac vice*)
 LHartz@jenner.com
 202.637.6363
Elizabeth Henthorne (*pro hac vice*)
 BHenthorne@jenner.com
 202.637.6367
JENNER & BLOCK LLP
1099 New York Avenue, N.W.,
 Suite 900
Washington, DC 20001

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.


Dated: June 5, 2026                                    */s/ Ishan K. Bhabha*
                                                       Ishan K. Bhabha

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(a), I hereby certify that counsel for MIT has conferred with counsel of record for all parties about the filing of this motion.

Dated: June 5, 2026                              /s/ Ishan K. Bhabha
                                                 Ishan K. Bhabha